JAN 05 2004

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:   16-2003-007941
DIVISION:   CV-B

SOLANTIC, LLC , a foreign limited
liability company,

        Plaintiff,

vs.

CITY OF NEPTUNE BEACH, a municipality, and
THE CODE ENFORCEMENT BOARD OF THE
CITY OF NEPTUNE BEACH, its local administrative
governmental body,

        Defendants.

_____/

3:04 - CV - 40 - J - 25 m m H

**F I L E D**

JAN 2 6 2004
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## PLAINTIFF'S VERIFIED AMENDED COMPLAINT

    Plaintiff, Solantic, LLC, a foreign limited liability company ("Solantic"), pursuant to Rule

1.190(a), Florida Rules of Civil Procedure, files its Verified Amended Complaint against

Defendants, City of Neptune Beach, a municipality ("City"), and The Code Enforcement Board of

the City of Neptune Beach, its local administrative governmental body ("CEB"), alleging as

follows:

## GENERAL ALLEGATIONS

    1.    This is an action for both declaratory and injunctive relief.  Pursuant to the equitable

jurisdiction of this court, Solantic seeks declaratory relief as to the constitutionality and

enforceability of certain municipal ordinances promulgated and enforced by the City and the CEB,

and further, pursuant to Rule 1.610, Florida Rules of Civil Procedure, seeks both temporary and

**SCANNED**

3

permanent injunctive relief relating to the enforceability of the applicable municipal ordinances.

2.      Solantic is a foreign limited liability company organized and registered under the laws of the State of Florida.  Solantic maintains its principal place of business in Duval County, Florida.

3.      City is a municipality located and organized under the laws of the State of Florida. City maintains its principal place of business in Duval County, Florida.

4.      The CEB is a local administrative governmental body as established in Section 2-437 of the City's Code of Ordinances ("the Code"), by and through implementation of Chapter 162, Florida Statutes.

5.      This Court enjoys *in rem* jurisdiction of the subject matter of this action pursuant to §162.11, Florida Statutes because this is an appeal of an administrative order rendered by the City and the CEB.  Such subject matter jurisdiction also exist pursuant to §86.021, Florida Statutes which authorizes this Court to construe and to determine the validity of any municipal ordinance.

6.      Venue is proper in Duval County, Florida because the City and its CEB are located therein and it is where Solantic's causes of action accrued.

7.      Solantic was required to hire the undersigned counsel in order to protect its interest in connection with this matter, and is obligated to pay said counsel a reasonable fee for their services rendered herein.

## COUNT I – ACTION FOR DECLARATORY RELIEF

8.      Solantic realleges those allegations contained in paragraphs 1 through 7 above and incorporates them by reference.

9.      This is a civil rights action brought pursuant to 42 U.S.C. §1983 and arising directly under the Constitution and laws of the United States and for declaratory relief pursuant to Chapter

86, Florida Statutes.  Specifically, Solantic is in doubt as to its rights under certain municipal ordinances promulgated by the City and enforced by the CEB.  §86.021, Florida Statutes provides specifically this Court with the authority to determine any question of construction or validity arising under a municipal ordinance.

10.     In April 2003, Solantic applied for an electrical permit to install an Electronic Variable Message Center ("EVMC") sign at its 410 Atlantic Boulevard, Neptune Beach location.  A copy of Solantic's Application for Electrical Permit is attached hereto as Exhibit "A" and is incorporated by reference.

11.     The City issued Solantic the electrical permit applied for.

12.     Relying upon the City's issuance of the electrical permit applied for, Solantic installed an EVMC at its Neptune Beach location at a cost of over $40,000.00.

13.     Almost immediately after Solantic erected the sign and incurred the expense attendant thereto, Larry W. Dean, Code Enforcement Officer for the CEB mailed to Solantic on April 28, 2003, a notice of violation of Sections 27-579 and 27-581 of the City's Ordinance Code.  A copy of this notice is attached as Exhibit "B" and is incorporated by reference.

14.     On or about June 11, 2003, the CEB convened a public hearing and determined Solantic was in violation of the above-referenced ordinances, and entered an order to such effect ("the June Order").  A copy of the June Order is attached as Exhibit "C" and is incorporated by reference.

15.     In its June Order, the CEB enumerated four conditions which would "cure" the alleged violation.  Three of the conditions were outside the CEB's scope of lawful authority.  One condition provided for a technical cure of submitting a new permit application.  Following the June Order, Solantic applied for a new sign permit.

16.     Thereafter, Solantic continued using its sign in a lawful fashion in promotion of its commercial free speech rights and in compliance with the spirit of the "Sign Code", as outlined in §27-575 of the Code.

17.     On September 24, 2003, Officer Dean issued another violation notice to Solantic and the CEB convened on October 8, 2003 to discuss Solantic's alleged non-compliance with the CEB's June Order. A copy of the September 24, 2003 notice is attached as Exhibit "D" and is incorporated by reference.

18.     At the October 8, 2003 hearing, the City called one witness. The City denied Solantic the opportunity to challenge the subjective conclusions of said witness through cross-examination. Moreover, the City denied Solantic an opportunity to call any witnesses on its own behalf. Accordingly, Solantic was denied its due process rights and an opportunity for a fair and impartial hearing before the CEB took further action on the alleged violation of the applicable ordinances, all in direct contravention to §162.07(3), Florida Statutes.

19.     The CEB found its June Order to be lawful and found Solantic in violation thereof. The CEB then issued its "October Order" (undated), a copy of which is attached as Exhibit "E" and is incorporated by reference.

20.     Solantic received a copy of the October Order on October 14, 2003. Pursuant to §§27-595 and 27-133 of the Code, Solantic filed an "Application for Appeal" to the Administrative Board of Appeals ("Board of Appeals"), on October 28, 2003. Solantic's Application for Appeal specifically requested a review of the June and October Orders entered by the CEB. A copy of Solantic's Application for Appeal is attached as Exhibit "F" and is incorporated by reference.

21.     The City summarily denied Solantic's Application for Appeal based solely on correspondence from the City's attorney, Christopher A. White. Copies of both the October 31,

4

2003 letter from Mr. White and the November 3, 2003 letter from the City denying the appeal are attached as Composite Exhibit "G" and are incorporated by reference.

22.    The City's refusal to follow the appeals processed as outlined in Code §§27-133 and 27-595 is a violation of the Code and denies Solantic due process under the laws of the United States and the State of Florida.

23.    There is a present justiciable controversy between the parties as to whether the City's denial of Solantic's right to a final administrative appeal was valid.  Declaratory relief is appropriate to resolve this controversy.

24.    The applicable sections of the City's Code are unconstitutional and unenforceable on their face as they deprive Solantic and all other parties similarly situated of their right to freedom of speech in violation of the first and fourteenth amendments to the United States Constitution.

WHEREFORE, Solantic respectfully requests this Court to exercise its equitable jurisdiction over the parties and the subject matter of this action and to grant the following relief:

a.    Pursuant to Chapter 86, Florida Statutes, take jurisdiction over the parties and determine the rights, obligations, and relations between the parties and the municipal ordinances at issue;

b.    Determine whether Solantic is entitled to pursue an administrative appeal of the CEB's June and October Orders pursuant to §§27-133 and 27-595 of the City of Neptune Beach Ordinance Code;

c.    Determine whether the applicable provisions of the City's Code unlawfully violate Article I, Section 4 of the Florida Constitution as a content-based restriction of commercial free speech, and therefore, should be declared unconstitutional and unenforceable;

d.    Determine whether the applicable provisions of the City's Code violate

5

Solantic's first amendment right of free speech as a prior restraint on speech, and therefore, should be declared unconstitutional and unenforceable;

      e.    Determine whether the applicable provisions of the City's Code violate Solantic's first amendment right of free speech as an unlawful content-based regulation of commercial free speech, and therefore, should be declared unconstitutional and unenforceable;

      f.    Determine whether the applicable provisions of the City's Code and the CEB's enforcement thereof unlawfully violate Solantic's fourteenth amendment privilege of equal protection under the laws, and therefore, should be declared unconstitutional and unenforceable; and

      g.    Pursuant to 42 U.S.C. §1988(b), assess and award all attorney's fees incurred by Solantic in connection with this matter against the City in an amount which this Court deems reasonable under the circumstances.

## COUNT II – CIVIL RIGHTS

25.    Solantic realleges those allegations contained in paragraphs 1 through 7 above, and incorporates them by reference.

26.    This is a civil rights action brought pursuant to 42 U.S.C. §1983 and arising directly under the Constitution and laws of the United States.  This action seeks a declaratory judgment pursuant to 28 U.S.C. §2201 and injunctive relief to redress the deprivation by the City, under color of law, of the rights, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States, including, but not limited to, rights secured by the First, Fifth and Fourteenth Amendments to the United States Constitution.  Jurisdiction over these claims is based upon 28 U.S.C. §1331.

27.    Plaintiff seeks to enjoin the City, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with the City who receive actual notice of

the Court's Orders, temporarily and permanently from enforcing the Sign Code. As a result of the wrongful actions of the City, Plaintiff suffered and will suffer, irreparable injury for which there exists no plain, adequate and complete remedy at law.

28.     The Sign Code impairs freedom of expression throughout the City by imposing a complicated array of restrictions, limitations, conditions and outright bans on the content and type of signs that citizens of the City use currently or may elect to use in the future. The City has begun enforcement of the restrictions on speech contained in the Sign Code.

29.     The Sign Code imposes penalties for noncompliance, including fines of up to $75.00 per day.

30.     The City through its CEB seeks to force Plaintiff to remove or modify its EVMC to comply with the Sign Code's restrictions. The Sign Code grants almost absolute discretion to City officials to ban signs based upon the content of the message a citizen seeks to express and patently unreasonable limitations on the physical (electronic) characteristics of the EVMC.

31.     The Sign Code classifies the EVMC by reference to the content of the message. The overall effect of the Sign Code is to regulate otherwise lawful publication solely because of the message the sign conveys and/or because of the manner same is communicated.

a.     **FIRST AMENDMENT**

32.     The Sign Code is unconstitutional and illegal on its face, and as applied to Plaintiff, in that it deprives Plaintiff, and all other persons similarly situated, of their right to freedom of expression violation of the First and Fourteenth Amendments to the United States Consitution.

33.     The Sign Code discriminates unconstitutionally between categories of speech, based upon the content of the message the speaker seeks to express.

34.     The Sign Code discriminates unconstitutionally between categories of speech, based

7

upon the content of the identity of the speaker.

35.    The Sign Code operates as an unconstitutional prior restraint on speech in that it requires a citizen to first seek governmental permission and approval over the form and content of the expression before the message can be expressed. The City's permit process contains no objective standards to govern the granting of permission for a sign. In fact, the permit process is so lacking in objective standards for the exercise of governmental discretion a permit could be denied solely because of the City's disagreement with the type of signal or message an applicant seeks to express.

36.    The Sign Code's permitting process also operates as an unconstitutional prior restraint because it does not provide any time limit by which the City must either grant the permit or seek judicial review, because it does not provide for prompt judicial review of the denial of a permit, and because it does not place the burden of obtaining judicial review on the City.

37.    The Sign Code infringes unconstitutionally upon freedom of expression by totally banning certain types of signs (EVMC) for which no adequate alternative means of expression exists. In addition, the banning of such signs is justified by neither compelling nor substantial governmental interests. Moreover, the banning of such signs is not tailored narrowly to achieve the City's purported interests, nor is there a reasonable fit between the restrictions and those interests.

38.    The City retaliated against Plaintiff for exercising its First Amendment rights by selectively and discriminatorily enforcing the Sign Code against them in violation of the First Amendment.

**b.    VOID FOR VAGUENESS**

39.    Solantic realleges those allegations contained in paragraphs 1 through 7, and 25 through 31, and incorporates them by reference.

40.    The Sign Code, on its face and as applied, is vague, confusing, ambiguous, and

inconsistent, and, as such, deprives Plaintiff of due process of law in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution.

**c.    OVERBREADTH** ·

41.    Solantic realleges those allegations contained in paragraphs 1 through 7, and 25 through 40 above, and incorporates them by reference.

42.    The Sign Code, on its face and as applied, is overbroad and the lack of precision in the language of the Sign Code resulted and will result in more speech being restricted than is necessary to achieve the City's purported interests in violation of the First and Fourteenth Amendments to the United States Constitution.

**d.    EQUAL PROTECTION**

43.    Solantic realleges those allegations contained in paragraphs 1 through 7, and 25 through 40, and incorporates them by reference.

44.    The Sign Code, on its face and as applied, constitutes a denial to Plaintiff of equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution, because it unreasonably discriminates between similarly situated Plaintiffs of equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution, because it unreasonably discriminates between Plaintiff EVMC and other signs based solely upon the content of the messages expressed on the manner in which the message is communicated.

45.    Upon information and belief, the CEB is the City's final policymaking body in connection with the interpretation and enforcement of the Sign Code.

46.    The City, through the CEB or otherwise, discriminated in the enforcement of the Sign Code against Plaintiff business which chose to exercise its First Amendment rights, such that it is treated differently in the enforcement of the Sign Code than otherwise similarly situated

businesses and/or individuals.

WHEREFORE, Solantic requests respectfully this Court to exercise its equitable jurisdiction over the parties and the subject matter of this action and to grant the following relief:

a.      Pursuant to Chapter 86, Florida Statutes, take jurisdiction over the parties and determine the rights, obligations, and relations between the parties and the municipal ordinances at issue;

b.      Declare the applicable provisions of the City's Code violate Solantic's first amendment right of free speech as a prior restraint on speech, and therefore, are unconstitutional and unenforceable;

c.      Declare the applicable provisions of the City's Code violate Solantic's first amendment right of free speech as an unlawful content-based regulation of commercial free speech, and therefore, are unconstitutional and unenforceable;

d.      Declare the applicable provisions of the City's Code and the CEB's enforcement thereof unlawfully violate Solantic's fourteenth amendment privilege of equal protection under the laws, and therefore, are unconstitutional and unenforceable; and

e.      Pursuant to 42 U.S.C. §1988(b), assess and award all attorney's fees incurred by Solantic in connection with this matter against the City in an amount which this Court deems reasonable under the circumstances.

## COUNT III – ACTION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

47.      Solantic realleges those allegations contained in paragraphs 1 through 7, and 25 through 42 above, and incorporates them by reference.

48.      This is an action for both temporary and permanent injunctive relief. Solantic seeks

a preliminary injunction which maintains the status quo between the parties until this action can be heard on the merits. Thereafter, and assuming Solantic prevails in its action for declaratory relief, Solantic is seeking a permanent injunction against the City and the CEB in connection with enforcement of the City's Sign Code.

49.    Solantic recognizes the issuance of a preliminary injunction is an extraordinary remedy which can only be issued upon a showing of four well-established criteria. Solantic alleges and verifies the following facts in support of those criteria:

A.    <u>The Likelihood of Irreparable Harm</u>.   Should this Court deny Solantic's request for temporary injunctive relief *pendente lite*, it will suffer irreparable harm. Solantic embarked on a process of unifying its presence at each location throughout the State of Florida and the Southeastern United States. An important element of the "model store" is the EVMC at issue at the Neptune Beach location. If City is allowed to restrict unconstitutionally Solantic's freedom of speech, irreparable harm will occur.

B.    <u>No Adequate Remedy At Law</u>. Solantic enjoys no adequate remedy at law in the event the City is allowed to shut down its sign or is allowed to continue levying fines against Solantic in the amount of $75.00 per day. Until this Court determines whether the City's sign code is unconstitutional and violates Solantic's first amendment and fourteenth amendment rights under the United States Constitution, as well as its rights under the Florida Constitution, Solantic enjoys no adequate remedy at law which damages could rectify. Solantic possesses means to calculate damages resulting from its inability to provide the general public with meaningful health information.

C.    <u>Substantial Likelihood of Success on the Merits</u>. The verbage contained in the Sign Code regulating sign usage deny clearly Solantic's right to free speech and equal protection

under the laws based on its content-based discriminatory framework. Moreover, because the City's building officials reviewing permit applications are unbridled in the determination of whether to grant such permits and without any objective criteria whatsoever, the Sign Code provisions are unconstitutional based on unlawful prior restraints of free speech. For the same reasons, the City's sign code violates Article I, Section 4 of the Florida Constitution. Finally, Solantic was denied due process and a fair opportunity to be heard in connection with any appeals process with regard to the City's decision and the CEB's enforcement of its code provisions. Solantic was never afforded an administrative appeal of either decision by the CEB. For these reasons, Solantic is substantially likely to prevail on the merits and for this Court to determine the Sign Code is unconstitutional, and therefore, unenforceable against Solantic.

   D. <u>Considerations of Public Interests</u>. The public interests will be better served by this Court granting a temporary injunction *pendente lite* in order to avoid additional conflicting enforcement by the CEB and ambiguous issuance of sign permits. In all likelihood, there are other public citizens subject to the applicable code provisions who are avoiding applying for a permit pending the outcome of this case. Those citizens' interests will be better served by this Court determining whether the Sign Code is constitutional.

   50. As of December 22, 2003, the City was claiming fines totaling $8,250.00, with a per diem amount continuing to accrue at $75.00 per day. Therefore, as of January 5, 2004, the total accrued fines for violations of the sign code would be $9,300.00. Solantic submits the amount of $9,300.00 should be an appropriate bond amount to adequately protect the City and Solantic is willing to deposit a cash bond in this amount with the court registry in order to preserve the status quo until a final determination of the merits can be had.

   WHEREFORE, Solantic respectfully requests this Court to enter a preliminary injunction

maintaining the status quo between the parties, allowing Solantic to continue using its EVMC

sign at its 410 Atlantic Boulevard location, and precluding the City from continuing to accrue fines

at the rate of $75.00 per day, or attempting to foreclose its lien on Solantic's property in the amount

of such fines.

DATED this 5th day of January, 2004.

HENDERSON KEASLER LAW FIRM

Alan D. Henderson
Florida Bar No. 435430
Frank R. Keasler
Florida Bar No. 487333
4309 Pablo Oaks Court, Suite Five
Jacksonville, Florida 32224
(904) 992-6949
(904) 992-6948 – facsimile
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing was furnished, via Hand Delivery, this 5th

day of January, 2004, to: Christopher A. White, Esq., 814 Highway A1A North, Suite 305, Ponte

Vedra Beach, Florida 32082.

Attorney

## VERIFICATION

Karen Bowling, as President of Solantic, LLC, after being duly sworn, states I read the foregoing Verified Amended Complaint, and based upon my own personal knowledge, the factual allegations contained therein are true and correct.

SOLANTIC, LLC


By:  Karen Bowling
Its:  President


Sworn to and subscribed before me
this 5th day of January 2004.


Notary Public, in and for the State of
Florida, at large.
My Commission Expires: 1/25/2004
My Commission Number is:
Affiant is personally known to me: ✓
Affiant provided
As identification.

G:\K\K9117\00\AMENDED COMPLAINT 010503.vn.doc

14

Apr 08 03 04:02p     Ken Bringle                (904) 733-4806              P.2

## City of
# Neptune Beach          03-346

116 First Street  -  Neptune Beach, Florida 32266-6140
(904) 270-2400 • FAX (904) 270-2417 • Suncom 852-2400



### APPLICATION FOR ELECTRICAL PERMIT

In consideration of permit given for doing the work as described in the following, we hereby
agree to perform said work in accordance with the electrical regulations, codes and City of
Neptune Beach ordinances.

Electrical Firm __CNS Signs Inc.__ State Certification # __ES0000258__

Master's Name and business phone # __Ken Bringle__     __733-4806__

Property Owner's Name: __Solantic__

Address where work will be performed: __410 Atlantic Blvd.__

Please check:

New Service( ) Rewiring( ) Addition( ) Temp Pole( ) Upgrade of Service( ) Misc. work(X)

Present Service _____ amps _____ phase _____ wire _____ volts _____

New Service _____ amps _____ phase _____ wire _____ volts _____

Underground _____ or Overhead _____

(House meters for garages; laundry rooms, security lights, irrigation systems etc. are
limited to 60 amps.)

wire pool _____ adding circuits _____ # of lighting outlets _____

# of receptacles _____ # of switches _____ panel change _____

replace meter jaws _____ air conditioning amps _____ heat kw _____

Miscellaneous Work(describe work to be done)

__Remove Existing Wall Sign 458 + Replacing with__
__Electronic LED 3110 + Reconnect to Circuit__
__add 1 Circuit for Led Computer Controlled__

Exhibit "A"

# City of
# Neptune Beach

116 First Street   •   Neptune Beach, Florida 32266-5140
(904) 270-2400 • FAX (904) 270-2417 • Suncom 852-2400

Original Notice sent to Addressee via Certified Mail Return Receipt Requested, Certificate
7002-5050-0000-5167-4692; Photocopy of same Notice sent to same address via Regular U. S. Mail

April 28, 2003

**CERTIFIED MAIL 7002-5050-0000-5167-4692**
Profile Investments, Inc.
Mr. Richard Goldstone, ESQ.
2400 West Cypress Creek Road
Fort Lauderdale, FL 33309

Dear Mr. Richard Goldstone:

The Florida Department of State, Division of Corporations records indicates that you are the registered
agent for the following property located in the Neptune Beach, Florida.

>    410 Atlantic Boulevard, Neptune Beach, FL 32266 RE: 172913-0100
>    Hortons Neptune Acres Part of Unnumbered acre Parcel, Part Government Lot 1

Investigation of the property has revealed and I have found and determined that conditions exist to
constitute a violation of the following provisions of the Code of Ordinances of the City of Neptune
Beach:

>    Chapter 27 Sections 27-379 (a), (b), (c,) and (d). Permit required.
>    Chapter 27 Sections 27-581(4), (5), and (6). Prohibited signs.

**Section 27-379 States:**

a) Except as otherwise provided in this article, no sign within the city shall be constructed, erected,
operated, used, maintained, enlarged, illuminated, or substantially altered without first obtaining a
permit as provided in this section.
b) A separate application for a permit shall be made for each separate advertising sign or advertising
structure, on a form furnished by the city manager.
c) The application for a permit shall describe the size, shape, and nature of the proposed
advertisement, advertising sign or advertising structure, and its actual or proposed locations with
sufficient accuracy to ensure its proper identification.
d) The application for a permit shall be signed by the applicant or his authorized agent and by the
property owner, if different than the property owner, or his authorized agent.

**Section 27-581 States:**

(4) Signs with visible moving, revolving, or rotating parts or visible mechanical movement of any
description or other apparent visible movement achieved by electrical, electronic, or mechanical means,
except for traditional barber poles.
(5) Signs with the optical illusion of movement by means of a design that presents a pattern capable
of giving the illusion of motion or changing of copy.

                              Exhibit "B"

(6) Signs with lights or illuminations that flash, move, rotate, scintillate, blink, flicker, or vary in intensity or color except for time-temperature-date signs.

These sections refer to the sign recently install for Solantic, LLC. Further action from this office may be avoided by having Solantic, LLC remove the sign within ten (10) of the receipt of this notice.

Failure to correct the above outlined violations within the time specified in this letter will cause this case to be referred to the Code Enforcement Board for action. Should your property be found in violation, the Code Enforcement Board has the power by law to levy fines of up to $250 a day against your property or up to $500 a day for a repeat violation. A violation of irreparable or irreversible damage is punishable by one time fine of $5000. The Code Enforcement Board may choose to have this case appear before them, even if compliance is obtained within the allotted time.

If you have any questions, please contact me at 270-2413 during regular business hours.

Sincerely,

Larry McDunn
Code Enforcement Officer

C: Karen Bowling, President, Solantic, LLC
Richard Lina, City Manager
Christopher White, City Attorney
William L. Brandt, Public Safety Director

176 First Street, City Hall
Neptune Beach, Florida

                    **Complainant,**

Vs.

Profile Investments/Solantic, LLC
410 Atlantic Boulevard
Neptune Beach, FL 32266

          **Property Owner/Occupier**

---

## FINDING OF FACT - CONCLUSIONS OF LAW

Based upon evidence presented at a public hearing of this Board held on June 11, 2003, after proper notice and publication, the Board finds as a fact that Profile Investments Inc./Solantic, LLC, Property Owners/Occupiers, did violate the Neptune Beach Code of Ordinances, Sections 27-581(5), 27-581(6) and Sections 27-579 (a) (b) & (c) by installing or substantially altering a sign without proper permit, which sign allowed flashing or blinking messages and/or messages moving or scrolling across a space without a sign permit, and as an expressly prohibited sign, at 410 Atlantic Boulevard on or about April 28, 2003; that proper notice of the hearing was given to the Property Owner/Occupiers, but the property owner failed to appear or respond and Property Owner/Occupier failed to cure the violation; WHEREUPON,

### ORDER

IT IS ORDERED THAT, the Property Owner/Occupiers are to cure the violation by:

A.) Filing the proper sign permit and application and securing permit.

B.) Modifying the sign to provide for a change of copy no more frequently than 24 hours daily.

C.) Modifying the sign to provide that the copy thereon will not blink, flash, or scroll, but will consist of a permanent glowing copy base.

D.) That control of the sign, content, or marquee is to be controlled solely at the 410 Atlantic Boulevard site

                              CODE ENFORCEMENT BOARD

                              Chairperson, Eric Pardee

                              ATTEST:

                              Teresa Klein, Asst. to the City Manager,
                              Custodian of Board Records

---

                         Exhibit "C"



## City of
# Neptune Beach



116 First Street  •  Neptune Beach, Florida 32266-6140
(904) 270-2400 • FAX (904) 270-2417 • Suncom 852-2400

Original Notice sent to Addressee via certified mail 7002-0860-0000-167-4944; Photocopy of
same Notice sent to same address via Regular U.S. Mail

### CODE ENFORCEMENT BOARD
### CITY OF NEPTUNE BEACH
### NOTICE OF HEARING

September 24, 2003                                     CEB:03-28B
                                                      410 Atlantic Blvd.

Solantic, LLC
C/O Karen Bowling
4309 Pablo Oaks Court Suite 1
Jacksonville, FL 32224

Dear Ms. Bowling:

The Code Enforcement Board was created pursuant to Chapter 162, Florida Statutes, and Sections 2-436 through 2-
475, Code of Ordinances, City of Neptune Beach. The Board consists of seven (7) citizens who facilitate the
enforcement of any codes of the City of Neptune Beach and who have the authority to quickly fairly render
decisions concerning violation of these codes.

You are hereby formally notified that on October 8, 2003 at 7:00 p.m., there will be a public hearing in the City
Council Chambers, 116 First Street, Neptune Beach, Florida, concerning non-compliance of the Code
Enforcement Board dated June 11, 2003. Copy of this order is enclosed for your review.

Should you or this property be found in violation of the Board's Order the Board has the power by law to levy fines
of up to $250 per day or $500 per day for a repeat violation. The City intentions are to ask for the maximum penalty
allowed by law.

Should you desire, you have the right to obtain an attorney, at your expense, to represent you before the Board. You
will also have the opportunity to present witnesses, as well as question the witnesses against you prior to the Board
making a determination.

Sincerely,

Larry W. Dean
Code Enforcement Officer

C: Profile Investments, Inc-property owners

Exhibit "D"

Code Enforcement Board
City of Neptune Beach, Florida                    Case No: CEB03-28-B

               Complaintant,

vs.

_____/

Solantic, LLC
410 Atlantic Boulevard
Neptune, Florida 32266

            Occupant.

_____/

## APPLICATION FOR APPEAL

Pursuant to Section 27-595 and 27-133 Code of Neptune Beach City Code ("Code") Solantic LLC, the above named Occupant of property located at 410 Atlantic Boulevard, Neptune Beach hereby submits to the Board of Appeals this "Application" requesting specifically a review of the Orders of the Code Enforcement Board ("CEB") entered on or about June 23rd and October 13, 2003, and related to the CEB's hearings convened on June 11, 2003 and October 8, 2003.

## PREFATORY FACTS

Solantic applied in the first part of April of 2003 for electrical permit to install an electric LED sign at its 410 Atlantic Boulevard, Neptune Beach location. Such permit was issued by the City of Neptune Beach, a copy of which is attached to this Application. Following Solantic's installation of the sign, Larry W. Dean, Code Enforcement Officer, mailed to Solantic on April 28, 2003, a notice of violation regarding the sign and asserting Solantic failed to comply with Sections 27-579 and 27-581 of the Code. A copy of Officer Dean's Notice to Solantic is attached to this Application. On June 11, 2003 the CEB convened a public hearing and determined Solantic was in violation of Code Sections 27-581(5) and (6) and Sections 27-279(a),(b) and (c) and entered an order to such effect, a copy of which is attached. Without lawful authority the CEB appended four (4) conditions to its Order (the "June Order") which would "cure" the alleged violation. Excepting the technical cure of submitting a new permit application, the other

conditions were outside totally the discretion of the CEB and as such, amounted to the CEB

adopting legislation and was arbitrary application of the Code, specifically Article XV (the "Sign

Code").

Following the June Order Solantic did apply for a new permit, but consistent with the "purpose"

of the Sign Code Solantic found its sign as:

> "effective business identification, advertising and communication", compatible with [it's]
> surroundings, designed, constructed, installed and maintained in a manner in which it
> does not endanger public safety or unduly distract motorist, is appropriate to the type of
> activity to which [it] pertain(s), large enough to convey sufficient information ...[and] the
> products or services available [from Solantic], reflective of the [health and community
> conscious] identity and creativity of [Solantic], small enough to satisfy the needs for
> regulation. Promot[ing of] economic health of the community through increased tourism
> and property values.

Solantic thereafter decided to continue using its sign in a lawful fashion in promotion of its

commercial free speech rights and in compliance with the spirit of the Sign Code. On September

24, 2003 Officer Dean issued another violation notice (copy attached) to Solantic and the CEB

was convened on October 8, 2003. Said hearing accepted subjective conclusion of legal terms

and constitutional protected matters and was nothing more than self-ratification of the Board's

June Order. Solantic was not given the opportunity to challenge the conclusions of the City's

only witness particularly whether said official understood the definition of flashing or what was

contemplated by a scrolling sign. The CEB found its prior Order to be lawful and giving strict

reading thereof, found Solantic in violation of same. The CEB issued its Order, a copy of which is

attached.

## SOLANTIC'S POSITION

On its own initiative Solantic applied to the City of Neptune Beach for a sign permit to install a

very expensive electronic "variable message center" ("VMC"). Upon application Solantic was

informed it needed only an electrical permit and based upon such instruction the electrical permit

appended to this Application. Issued and Solantic relying completely on said issued permit

installed the VMC. Within days of such installation and use City Councilman John Weldon became literally the singular voice in seeing Solantic was deprived of its lawful rights to commercial free speech. At the October 8th hearing of the CEB a City Officer testified she received two complaints, one from Councilman Weldon and another of which she had "no record". Following Mr. Weldon's personal agenda and notwithstanding Solantic acted clearly within the laws of the State of Florida and the City of Neptune Beach, Officer Dean issued the initial violation notice. In an effort be a "good citizen" Solantic attended the June 11th hearing without challenge or counsel and therein agreed only to securing a new permit. Solantic did submit a new permit, but at no time agreed to the City's attempt to abridge its right to employ its VMC.

Solantic erected the VMC with proper permits and employs same within the bounds of the stated purpose of the City of Neptune Beach Sign Code. Clearly the CEB cannot rewrite the Sign Code nor determine and conclude, subjectively that a change in copy on the VMC is a "flashing" sign, nor can the City allow "Barber Poles" or "time and temperature" and not allow other messages which otherwise are not prohibited by law. The position of the City of Neptune Beach in this matter and the subjectivity inherent in the Sign Code and its enforcement by the CEB is for certain subject to challenge and on federal constitutional grounds. The Sign Code as drafted by the City of Neptune Beach and attempted to be enforced by the CEB, including particularly the permit application process which leaves to the building official the determination of whether an application meets "all provisions of this Code", is prior restraint on commercial speech which is protected constitutionally and absent a clear compelling and emergent issue and necessity, same would be unlawful in a court of law.

It is the belief of Solantic the Sign Code sections cited by the CEB and the code enforcement officer were drafted to address a completely different medium than the modern day VMC. In

fact, both the Federal Highway Administration and the Department of Highway Safety and motor vehicles for the State of Florida employ VMC's for the very purpose of safe communication to oncoming traffic. When the applicable Sections of 27-581(5) (6) are read in totality it is clear same intended to address, respectively, optical illusions or illusion of motion and illusion of changing copy, not the visional and clean communicative aspect of a VMC, and to address flashing, scintillating (sparking), blinking, flickering or signs varying in intensity, not the clean slate and immediate fill of new copy which occurs instaneously with the VMC.

## SUMMARY

Solantic requests the Board of Appeals to reverse both Orders of the CEB which find Solantic in violation of the City Code in as much as the VMC does not give optical illusions nor is a "flashing" sign, and further to find the CEB was without lawful authority to condition and qualify the Sign Code, particularly, by limiting Solantic in its June Order to changing copy only once a day, never to alternate messages and by requiring, absurdly in the 21st century, for the VMC to be controlled from the 410 Atlantic Boulevard site. Pursuant to Section 27-133(d) this Application for Appeal should stay all action of the Code Enforcement Board given the City Manager cannot certify to the Board of Appeals, that to do so would be causal of imminent peril to life or property.

Respectfully submitted,
HENDERSON KEASLER LAW FIRM

Frank R. Keasler, Jr.
4309 San Pablo Office Park
4309 Pablo Oaks Court, Suite Five
Jacksonville, Florida 32224
Counsel for Solantic LLC

G:\K\K9117.01\Appeal Application.DOC

APR 2 2 2003

Apr 08 03 04:02p    Ken Bringle    (904) 733-4806    p.2

## City of
# Neptune Beach
116 First Street  •  Neptune Beach, Florida 32266-6140
(904) 270-2400  •  FAX (904) 270-2417  •  Suncom 852-2400

03.346

## APPLICATION FOR ELECTRICAL PERMIT

In consideration of permit given for doing the work as described in the following, we hereby agree to perform said work in accordance with the electrical regulations, codes and City of Neptune Beach ordinances.

Electrical Firm __CNS Signs Ink.__ State Certification # __ES0000258__

Master's Name and business phone # __Ken Bringle__    __733-4806__

Property Owner's Name: __Colantic__

Address where work will be performed: __410 Atlantic Blvd__

Please check:

New Service( ) Rewiring( ) Addition( ) Temp Pole( ) Upgrade of Service( ) Misc. work(X)

Present Service _____ amps _____ phase _____ wire _____ volts _____

New Service _____ amps _____ phase _____ wire _____ volts _____

Underground _____ or Overhead _____

(House meters for garages; laundry rooms, security lights, irrigation systems etc. are limited to 60 amps.)

wire pool _____    adding circuits _____    # of lighting outlets _____

# of receptacles _____    # of switches _____    panel change _____

replace meter jaws _____    air conditioning amps _____    heat kw _____

Miscellaneous Work:(describe work to be done)

__Remove Existing Neolux board 488 + Redisery w/ 4__
__Electronic LED 3310 + Reconnect to Circuit.__
__add 1 Circuit On lada Computer Controller__

*City of*

# Neptune Beach

116 First Street   •   Neptune Beach, Florida 32266-6140
(904) 270-2400 • FAX (904) 270-2417 • Suncom 852-2450

Original Notice sent to Addressee via Certified Mail Return Receipt Requested, Certificate
7002-2030-0000-6167-4592; Photocopy of same Notice sent to same address via Regular U. S. Mail

April 28, 2003

CERTIFIED MAIL 7002-2030-0000-6167-4592
Profile Investments, Inc.
Mr. Richard Goldstone, ESQ.
2400 West Cypress Creek Road
Fort Lauderdale, FL 33309

Dear Mr. Richard Goldstone:

The Florida Department of State, Division of Corporations records indicates that you are the registered agent for the following property located in the Neptune Beach, Florida.

　　　410 Atlantic Boulevard, Neptune Beach, FL 32266 RE: 172913-0100
　　　Horton Neptune Acres Part of Unnumbered acre Parcel, Part Government Lot 1

Investigation of the property has revealed and I have found and determined that conditions exist to constitute a violation of the following provisions of the Code of Ordinances of the City of Neptune Beach:

　　　Chapter 27 Sections 27-579 (a), (b), (c,) and (d). Permit required.
　　　Chapter 27 Sections 27-581(4), (5). and (6). Prohibited signs.

**Section 27-579 States:**

　　a) Except as otherwise provided in this article, no sign within the city shall be constructed, erected, operated, used, maintained, enlarged, illuminated, or substantially altered without first obtaining a permit as provided in this section.
　　b) A separate application for a permit shall be made for each separate advertising sign or advertising structure, on a form furnished by the city manager.
　　c) The application for a permit shall describe the size, shape, and nature of the proposed advertisement, advertising sign or advertising structure, and its actual or proposed locations with sufficient accuracy to ensure its proper identification.
　　d) The application for a permit shall be signed by the applicant or his authorized agent and by the property owner, if different than the property owner, or his authorized agent.

**Section 27-581 States:**

　　(4) Signs with visible moving, revolving, or rotating parts or visible mechanical movement of any description or other apparent visible movement achieved by electrical, electronic, or mechanical means, except for traditional barber poles.
　　(5) Signs with the optical illusion of movement by means of a design that presents a pattern capable of giving the illusion of motion or changing of copy.

CODE ENFORCEMENT BOARD
CITY OF NEPTUNE BEACH, FLORIDA

                                                        CASE No. CEB 03-28B

Larry Dean, Code Enforcement Officer
116 First Street, City Hall
Neptune Beach, Florida

                    Complainant,

Vs.

Profile Investments/Solantic, LLC
410 Atlantic Boulevard
Neptune Beach, FL 32266

            Property Owner/Occupier

---

## FINDING OF FACT - CONCLUSIONS OF LAW

Based upon evidence presented at a public hearing of this Board held on June 11, 2003, after proper notice and publication, the Board finds as a fact that Profile Investments Inc./Solantic, LLC, Property Owners/Occupiers, did violate the Neptune Beach Code of Ordinances, Sections 27-581(5), 27-581(6) and Sections 27-579 (a) (b) & (c) by installing or substantially altering a sign without proper permit, which sign allowed flashing or blinking messages and/or messages moving or scrolling across a space without a sign permit, and as an expressly prohibited sign, at 410 Atlantic Boulevard on or about April 28, 2003; that proper notice of the hearing was given to the Property Owner/Occupiers, but the property owner failed to appear or respond and Property Owner/Occupier failed to cure the violation; WHEREUPON,

## ORDER

IT IS ORDERED THAT, the Property Owner/Occupiers are to cure the violation by:

A.) Filing the proper sign permit and application and securing permit.

B.) Modifying the sign to provide for a change of copy no more frequently than 24 hours daily.

C.) Modifying the sign to provide that the copy thereon will not blink, flash, or scroll, but will consist of a

permanent glowing copy base.

D.) That control of the sign, content, or marquee is to be controlled solely at the 410 Atlantic Boulevard site.

                        CODE ENFORCEMENT BOARD

                        _Eric Pardee_
                        Chairperson, Eric Pardee

                        ATTEST:

                        _Teresa Klein_
                        Teresa Klein, Asst. to the City Manager,
                        Custodian of Board Records

*City of*

# Neptune Beach

116 First Street • Neptune Beach, Florida 32266-6140
(904) 270-2400 • FAX (904) 270-2417 • Suncom 852-2400

---

Original Notice sent to Addressee via certified mail 7002-0860-0000-167-4944; Photocopy of
same Notice sent to same address via Regular U.S. Mail

---

## CODE ENFORCEMENT BOARD
## CITY OF NEPTUNE BEACH
## NOTICE OF HEARING

September 24, 2003

CEB:03-28B
410 Atlantic Blvd.

Solantic, LLC
C/O Karen Bowling
4309 Pablo Oaks Court Suite 1
Jacksonville, FL 32224

Dear Ms. Bowling:

The Code Enforcement Board was created pursuant to Chapter 162, Florida Statutes, and Sections 2-436 through 2-475, Code of Ordinances, City of Neptune Beach. The Board consists of seven (7) citizens who facilitate the enforcement of any codes of the City of Neptune Beach and who have the authority to quickly fairly render decisions concerning violation of these codes.

You are hereby formally notified that on October 8, 2003 at 7:00 p.m., there will be a public hearing in the City Council Chambers, 116 First Street, Neptune Beach, Florida, concerning non-compliance of the Code Enforcement Board dated June 11, 2003. Copy of this order is enclosed for your review.

Should you or this property be found in violation of the Board's Order the Board has the power by law to levy fines of up to $250 per day or $500 per day for a repeat vilolation. The City intentions are to ask for the maximum penalty allowed by law.

Should you desire, you have the right to obtain an attorney, at your expense, to represent you before the Board. You will also have the opportunity to present witnesses, as well as question the witnesses against you prior to the Board making a determination.

Sincerely,

Larry W. Dean
Code Enforcement Officer

C: Profile Investments, Inc-property owners

JAN 05 2004

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:   16-2003-007941
DIVISION:   CV-B

SOLANTIC, LLC , a foreign limited
liability company,

        Plaintiff,

vs.

CITY OF NEPTUNE BEACH, a municipality, and
THE CODE ENFORCEMENT BOARD OF THE
CITY OF NEPTUNE BEACH, its local administrative
governmental body,

        Defendants.

_____/

## PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION

Plaintiff, Solantic, LLC ("Solantic"), pursuant to Rule 1.610, Florida Rules of Civil Procedure, moves this Court for the entry of a temporary injunction preserving the status quo of the parties *pendente lite* and enjoining the Defendants from continuing to levy fines against Solantic for purported violations of the City of Neptune Beach Ordinance Code, and further precluding Defendants from foreclosing any lien for those fines already imposed, on the following grounds:

1.     On or about November 12, 2003, Solantic filed its Complaint against Defendants seeking among other things a declaration from this Court that certain provisions of the City's Municipal Code were unconstitutional and unenforceable.

2.     On or about January 5, 2004, Solantic filed its Verified Amended Complaint which seeks both temporary and permanent injunctive relief against Defendants based on the unconstitutionality of the municipal ordinances in question.

3.     The grounds for injunctive relief are stated in Count II of the Verified Amended Complaint and are incorporated by reference into this motion.

4.     This motion for temporary injunction is being made with notice to Defendants, and therefore, Solantic requests an evidentiary hearing be scheduled as soon as reasonably possible on this motion.

5.     A cash bond is unnecessary because Solantic's landlord, Profile LLC, is requiring Solantic to escrow the fines with the undersigned attorney's trust account as stated in the Verified Amended Complaint.  To date Solantic escrowed $9,000.00 and shall continue to escrow the value of the fines on a monthly basis.

WHEREFORE, Solantic respectfully requests this Court to grant its Motion for Temporary Injunction which preserves the status quo of the parties until a final determination on the merits can be had by this Court.

DATED this 5th day of January, 2004.

HENDERSON KEASLER LAW FIRM

*Thuy-Anh Nguyen for*

Alan D. Henderson
Florida Bar No. 435430
4309 Pablo Oaks Court, Suite Five
Jacksonville, Florida 32224
(904) 992-6949
(904) 992-6948 – facsimile
Attorneys for Plaintiffs

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished, via Hand Delivery, this 5th day of January, 2004, to: Christopher A. White, Esq., 814 Highway A1A North, Suite 305, Ponte Vedra Beach, Florida 32082.

_Thuy-Anh Nguyen_
Attorney

G:\K\K9117\00\MOTION FOR TEMPORARY INJUNCTION.doc

3

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:    16-2003-007941
DIVISION:    CV-B

SOLANTIC, LLC , a foreign limited
liability company,

        Plaintiff,

vs.

CITY OF NEPTUNE BEACH, a municipality, and
THE CODE ENFORCEMENT BOARD OF THE
CITY OF NEPTUNE BEACH, its local administrative
governmental body,

        Defendants.

_____/

## PLAINTIFF'S MOTION TO SET HEARING ON
## PLAINTIFFS' MOTION FOR TEMPORARY INJUNCTION

    Plaintiff, Solantic, LLC, moves the Court to set an evidentiary hearing on their Motion for

Temporary Injunction. Plaintiff estimates it will take three hours to hear the matter.

                    HENDERSON KEASLER LAW FIRM

                    _____
                    Alan D. Henderson
                    Florida Bar No. 435430
                    4309 Pablo Oaks Court, Suite Five
                    Jacksonville, Florida 32224
                    (904) 992-6949
                    (904) 992-6948 – facsimile
                    Attorneys for Plaintiff

JAN 07 2004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished, via U.S. Mail, this

___6th___ day of January, 2004, to:  Christopher A. White, Esq., 814 Highway A1A North, Suite 305,

Ponte Vedra Beach, Florida  32082.

_____
Attorney

G:\K\K911700\MOTION TO SET HEARING FOR TEMPORARY INJUNCTION.doc

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:   16-2003-007941
DIVISION:   CV-B

JAN 07 2004



SOLANTIC, LLC , a foreign limited
liability company,

        Plaintiff,

vs.

CITY OF NEPTUNE BEACH, a municipality, and
THE CODE ENFORCEMENT BOARD OF THE
CITY OF NEPTUNE BEACH, its local administrative
governmental body,

        Defendants.

_____/

### NOTICE OF EX PARTE HEARING

    PLEASE TAKE NOTICE that on **Friday, January 23, 2004 at 9:30 a.m.** or as soon thereafter as may be heard, the undersigned counsel for Plaintiff will call up for argument before and for disposition by The Honorable L. Haldane Taylor, in Chambers, Duval County Courthouse, 330 E. Bay Street, Duval County, Jacksonville, Florida 32202, **Plaintiff's Motion to Set Hearing on Plaintiffs' Motion for Temporary Injunction.**

    PLEASE GOVERN YOURSELF ACCORDINGLY.

    ALL ATTORNEYS APPEARING AT THE HEARING SHALL BE FAMILIAR WITH, AND SHALL CONDUCT THEMSELVES IN ACCORDANCE WITH, THE GUIDELINES FOR PROFESSIONAL CONDUCT OF THE TRIAL LAWYERS SECTION OF THE FLORIDA BAR AND THE JACKSONVILLE BAR ASSOCIATION AS WELL AS THE 1998 HANDBOOK ON DISCOVERY PRACTICE PUBLISHED BY THE JOINT COMMITTEE OF

THE TRIAL LAWYERS SECTION OF THE FLORIDA BAR AND CONFERENCES OF CIRCUIT AND COUNTY COURT JUDGES.

HENDERSON KEASLER LAW FIRM

Alan D. Henderson
Florida Bar No. 435430
4309 Pablo Oaks Court, Suite Five
Jacksonville, Florida 32224
(904) 992-6949
(904) 992-6948 – facsimile
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished, via U. S. Mail, this ___ day of January, 2004, to: Christopher A. White, Esq., 814 Highway A1A North, Suite 305, Ponte Vedra Beach, Florida 32082.

Attorney

G:\K\K9117\00\NOTICE OF EX PARTE HEARING.doc

2